UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
AUG 3 0 2019
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| Gwendolyn Wilson, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 19-2287 (UNA) |
| Freda L. Wolfson *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B) (requiring dismissal of a case upon a determination that the complaint is, among other grounds, frivolous or fails to state a claim upon which relief may be granted).

Plaintiff is a resident of Hillsborough, New Jersey. She has sued three judges of the United States District Court for the District of New Jersey, namely Chief Judge Freda L. Wolfson, Senior Judge Peter G. Sheridan, and Magistrate Judge Douglas E. Arpert. *See* Compl. at 2-3. Plaintiff alleges that they "violated" the Federal Rules of Civil Procedure and "failed to be impartial or fair in their rulings, opinions, orders etc," essentially because their rulings were "favorable" to the opposing parties in a civil action, which Plaintiff alleges is on appeal to the United States Court of Appeals for the Third Circuit. *Id.* at 4.

Plaintiff wants this Court to "investigate[ ] Defendants" and to "transfer[ ] venue" of the New Jersey case to the District of Columbia, which it is completely powerless to do. *See United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (federal district courts "generally lack[]

appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts") (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)); *accord Atchison v. U.S. Dist. Courts*, 240 F. Supp. 3d 121, 126, n.6 (D.D.C. 2017) ("It is a well-established principle that a district court can neither review the decisions of its sister court nor compel it to act."). Regardless, an "*in forma pauperis* complaint is properly dismissed as frivolous . . . if it is clear from the face of the pleading that the named defendant is absolutely immune from suit on the claims asserted." *Crisafi v. Holland* 655 F.2d 1305, 1308 (D.C. Cir. 1981). Judges enjoy absolute immunity from suits based on acts taken in their judicial capacity, so long as they have jurisdiction over the subject matter. *Moore v. Burger*, 655 F.2d 1265, 1266 (D.C. Cir. 1981) (per curiam) (citing cases). Such "immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

It is without question that the acts about which Plaintiff complains qualify as judicial. *See Stump v. Sparkman*, 435 U.S. 349, 362 (1978) ("[F]actors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity."). And a complaint against judges who have "done nothing more than their duty" is "a meritless action." *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied* 513 U.S. 1150 (1995). Accordingly, this case will be dismissed with prejudice. A separate order accompanies this Memorandum Opinion.

Date: August 30, 2019

_____
United States District Judge